# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CARLOS ORTIZ PAGAN,** | : | No. 1:25cv691 |
| **Plaintiff** | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | (Magistrate Judge Bloom) |
| **BROOK KELLY, et al.,** | : | |
| **Defendants** | : | |

**FILED SCRANTON AUG 06 2025**
PER _____ DEPUTY CLERK

## ORDER

Presently before the court is the Report and Recommendation ("R&R") of Chief Magistrate Judge Daryl F. Bloom. (Doc. 18). Upon referral of this matter, Chief Magistrate Judge Bloom reviewed Plaintiff Carlos Ortiz Pagan's *pro se* amended complaint pursuant to 28 U.S.C. § 1915(e)(2). The R&R recommends dismissing plaintiff's claims pursuant to 42 U.S.C. § 1983 ("Section 1983") for the violation of his First, Eighth, and Fourteenth Amendment rights. (Id. at 3-4). Since plaintiff has been provided with leave to amend on a previous occasion, (see Docs. 12-14), the R&R recommends dismissal of this action without leave to amend. (Doc. 18, at 11). No objections to the R&R have been filed and the time for such filing has passed.

In deciding whether to adopt the report and recommendation when no timely objection is filed, the court must determine if a review of the record evidences plain error or manifest injustice. FED. R. CIV. P. 72(b), 1983 Advisory

Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation"); see also 28 U.S.C. § 636(b)(1); Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983).

After a careful review, the court thus finds neither clear error on the face of the record nor a manifest injustice in the magistrate judge's analysis and recommendations, and therefore, the court shall accept the R&R and adopt it in its entirety. As for leave to amend, Chief Magistrate Judge Bloom concluded that any amendment would be futile at this point. The court agrees. Plaintiff has had two chances to plead plausible claims and has not done so. He will not receive a third opportunity. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002) (discussing the rule that *in forma pauperis* plaintiffs who file complaints subject to dismissal under Rule 12(b)(6) should receive leave to amend unless amendment would be inequitable or futile); Jones v. Unknown D.O.C. Bus Driver & Transportation Crew, 944 F.3d 478, 483 (3d Cir. 2019) (holding that it would be futile to provide a *pro se* inmate a third opportunity to amend his complaint). It is thus hereby **ORDERED** as follows:

1) The R&R, (Doc. 18), is **ADOPTED** in its entirety;

2) Plaintiff's amended complaint is **DISMISSED** for failure to state a claim, see 28 U.S.C. § 1915(e)(2)(B)(ii);

3) Plaintiff's Section 1983 claims against the defendants for violation of his First, Eighth, and Fourteenth Amendment rights are **DISMISSED** with prejudice;

4) The Clerk of Court is directed to close this case.

Date: 8/6/25

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court

3